The opinion of the Court was delivered by
Tilghman C. J.
The only question in this case is, whether John Bacon, Treasurer of the city of Philadelphia, be entitled to issue licences to the retailers of foreign merchandise residing in the city, by virtue of an Act passed the 2d *136 day of April, 1821', entitled “ An Act laying a duty on the retailers of foreign merchandise.”
The duty to be paid by those persons who obtain licences* goes into the. State Treasury, and hence it has- been argued-* that the licences shoüld be issued by the county Treasurer, and not by the city Treasurer, because the general policy of the Legislature has been, to make all duties which went into the State Treasury, receivable by the county Treasurer. There is no doubt that this has been generally the case, and there are several reasons why it is -most convenient. And therefore, if the expressions of the Act of Assembly in question, were such as to leave its meaning in doubt, the Court would be inclined to give it .such , a construction as would best accord with the general system of finances. But whatever may have been the causes, which induced a departure from the usual practice, in the present instance-, the intention of vesting the power of granting licences, in the Treasurers of cities, is so plainly expressed throughout the whole Act, that this Court has no right to gainsay it. This will be evident, from a cursory view of the several sections. The first section directs the retailers to take out their licences, from “ the^Treasurer of the proper city or county.” There are three-cities in Pennsylvania; Philadelphia, Lancaster, and Pittsburg, and neither of them .is an entire county. What then can be the meaning of the expressions “ proper city, or county,” but the city, or the county, in which the retailer resides ? But, suppose we convert the disjunctive, or, into a copulative, and, (as it is contended, we ought to do,) we shall then read, u the Treasurer, of the proper city and ’county,” This mode of expression might suit the county of Philadelphia, which includes the city ; and where the Sheriff of the county is sometimes (though not accurately) called the Sheriff of the city and county. But how would these words apply to all those counties which have no city in them, and which constitute almost the whole State. Unless we preserve the distinction, between the cities and counties, those counties which have no city, will be excluded from the operation of the law, because the retailers who live in them, cannot apply for licences to the Treasurer of the city and county. The third section orders the constables of each *137 township, or ward, of the counties and cities of this Commonwealth, as the case may be, to make a list of all the retail dealers, within their respective districts, and deliver the same to the Clerk of the Quarter Sessions, or to the Clerk of the Mayor’s Court of the proper city or county, as the case may be; and it shall be the duty of the proper city or county Treasurer, to furnish the attorney for the Commonwealth with a correct list of all those who have paid the duty, and obtained a license. The fourth section authorises, the respective city and county Treasurers, to demand and receive a certain fee, from each person to whom a license is granted. The fifth section provides, that the said city and county Treasurers respectively, shall settle their accounts with the State Treasurer. And finally, it is enacted, by the sixth section, that the aforesaid city and county Treasurers, before they enter upon the duties enjoined on them, shall give bond for the faithful-performance of their trust, with sufficient security, to be approved by the Court of Quarter Sessions. Language cannot be plainer than is used in all these sections, to demonstrate an intent, that the Treasurer of each city, and of each county, should grant licenses to the retailers residing within their respective limits. Nor is there any thing in the whole law which bears a contrary aspect, except the form of licenses, which is prescribed in the end of the first section. This form is intended for the counties in general. It is headed-County, SS. and concludes with a blank for the name of the county. But it must not be understood, that is the exact form for a license granted by a city Treasurer. It prescribes the form in general, but must be subject to such alterations as the nature of the case requires, when the license is issued by a city Treasurer. Either this must be done, or we must alter the law, by striking out the word city from four sections, and striking out also several other provisions which refer to cities, as distinguished from counties. This would be, to change its frame and texture to an unwarrantable extent, and therefore the Court is clearly of opinion, that the 1’reasurer of the city of Philadelphia, is the proper person to grant licenses to, and receive the duty from, all retailers residing within the bounds of the city.
Rule discharged.